# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| TIMOTHY REEVES, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:15-CV-00146-RWS |
| | § | |
| v. | § | |
| | § | |
| R LYNCH ET. AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Timothy Reeves, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 alleging violations of his constitutional rights. The case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff's Complaint alleges medical neglect with respect to the medical care he received at the Bowie County Correctional Center. Docket No. 1 at 4. In Plaintiff's Original Complaint, he names as Defendants Nurse Regina Lynch, Dr. Jagdish Shah, and two individuals at the Brickey Unit in Arkansas. *Id.* at 4–5. Plaintiff's Amended Complaint names only Dr. Shah and Nurse Lynch. Docket No. 9 at 1–2. Dr. Shah and Nurse Lynch were ordered to answer the lawsuit. Docket No. 11.

After both Dr. Shah and Nurse Lynch had answered, Plaintiff filed a Second Amended Complaint naming Nurse Lynch, Dr. Shah,[1] Warden Page, LaSalle Corrections, and Correct Care

---

[1] Plaintiff's Second Amended Complaint names a "Dr. S. Shah" as the physician responsible for Plaintiff's care. This appears to be an error, as Dr. Jagdish Shah, not Dr. Sanjaykumar Shah, was the doctor at the Bowie County Jail who treated Plaintiff. *See* Docket No. 41-1 at 2. The Magistrate Judge has recommended the dismissal of Dr. S. without

Solutions. Docket No. 35. Dr. Jagdish Shah and Nurse Lynch filed separate motions for summary judgment (Docket Nos. 39 and 41), and Plaintiff filed a response to these motions (Docket No. 48).

After review of the pleadings, the Magistrate Judge issued a Report recommending that Dr. Shah and Nurse Lynch's motions for summary judgment be granted. Docket No. 52. The Magistrate Judge also recommended the Plaintiff be given thirty (30) days to amend his complaint and set out a short and plain statement of his claims against Warden Page, LaSalle Corrections, and Correct Care Solutions. *Id.* at 14–15.

Plaintiff received a copy of this Report on June 9, 2017 (Docket No. 53), and no objections have been filed. Accordingly, the Court reviews the Magistrate Judge's Report and Recommendation for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Magistrate Judge did not clearly err in finding that Plaintiff failed to meet his burden to overcome Defendants' qualified immunity defenses and that any delay in Plaintiff's receipt of medications did not amount to a constitutional violation. Having reviewed the record and all available evidence, the Court agrees with the Magistrate Judge that Plaintiff's claims against Nurse Lynch, Dr. J. Shah, and Dr. S. Shah should be dismissed.

Accordingly, it is **ORDERED** that the Report of the Magistrate Judge (Docket No. 52) is **ADOPTED** as the opinion of the District Court. It is further **ORDERED** Defendant Nurse Lynch and Defendant Dr. Jagdish Shah's Motions for Summary Judgment (Docket Nos. 39 and 41) are **GRANTED** and that Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE**.

---

prejudice (Docket No. 52 at 1 n.1). Because the naming of Dr. S. Shah appears to be a typo, the Court agrees with the Magistrate Judge that Plaintiff's claims against Dr. S. Shah should be dismissed without prejudice to refiling.

Defendant Dr. J. Shah's Motion to Dismiss (Docket No. 40) is **DENIED AS MOOT,** and Plaintiff's claims against Dr. Sanjaykumar Shah are **DISMISSED WITHOUT PREJUDICE**.

Finally, it is **ORDERED** that the Plaintiff Timothy Reeves shall have **thirty (30) days** from the date of receipt of this Order to file an amended complaint setting out a short and plain statement of his claims against Warden Page, LaSalle Corrections, and Correct Care Solutions.

The amended complaint shall present a short and plain statement setting forth the Plaintiff's claims on a standard §1983 lawsuit form and written in a legible manner. A short and plain statement of a claim is one which gives the defendant fair notice of Plaintiff's claims and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege sufficient facts that, taken as true, state a claim that is plausible on its face; the pleaded factual content must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). The claim must rest on more than conclusions alone. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint shall specifically include the following:

(1) a concise statement of each of the claims which Plaintiff wishes to raise, together with the facts giving rise to each of these claims, including the dates of occurrences of these events, if known. Plaintiff is instructed that he must set out specific facts, not merely conclusory allegations;

(2) the names of the individual or individuals that Plaintiff wishes to name as defendants in this lawsuit;

(3) a statement showing how each named Defendant is involved in the facts forming the basis of the lawsuit;

(4) a statement explaining the harm which Plaintiff suffered as a result of the facts forming the basis of this lawsuit; and

(5) a statement of the specific relief sought by Plaintiff in this lawsuit.

The Clerk shall send to the Plaintiff a standard §1983 lawsuit form for his use in filing the amended complaint. The Plaintiff should ensure that the case number for this matter (5:15cv146) appears prominently on the front of the complaint form. Failure by the Plaintiff to file an amended pleading which complies with this order may lead to the dismissal of the remaining claims in the lawsuit for failure to prosecute or to obey an order of the Court in accordance with Fed. R. Civ. P. 41(b).

**SIGNED this 21st day of August, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE